IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA D. HANSEN and | § | |
| ALFRED C. HANSEN, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0156 |
| | § | |
| THE BANK OF NEW YORK | § | |
| MELLON FKA THE BANK OF NEW | § | |
| YORK, AS TRUSTEE FOR THE | § | |
| CERTIFICATEHOLDERS OF THE | § | |
| CWABS INC., ASSET BACKED | § | |
| CERTIFICATES, SERIES 2002-004, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This foreclosure case is before the Court on the Motion for Final Summary

Judgment [Doc. # 4] ("Motion") of Defendants The Bank of New York Mellon f/k/a

The Bank fo New York, as Trustee for the Certificate-Holders of the CWABS Inc.,

Asset Backed Certificates, Series 2002-004 ("BONY"), Salvador Alonzo ("Alonzo"),

Bertha I. Martinez ("Martinez"), and Rex Kesler ("Kesler," and together with BONY,

Alonzo, and Martinez, the "Moving Defendants").  Plaintiffs Rebecca Hansen and

Alfred Hansen (together, "Plaintiffs') have filed a Response [Doc. # 9], to which the

Moving Defendants have filed a Reply [Doc. # 8].[1]  Reviewing Plaintiffs' Original

Petition [Exh. B.2 to Doc. # 1] ("Original Petition") and the parties' briefing, the

Court *sua sponte* raises the issue of the Court's subject matter jurisdiction over this

case.  Finding no subject matter jurisdiction, the Court **remands** this case to the state

court and **denies without prejudice** the Moving Defendants' Motion.

## I.      BACKGROUND

On October 4, 2013, Plaintiffs filed this action against BONY, Alonzo,

Martinez, Kesler, and EH Pooled Investments, LP ("EH," and together with BONY,

Alonzo, Martinez, and Kesler, "Defendants") in the 270th Judicial District Court of

Harris County, Texas.  *See* Original Petition, at 1.  Plaintiffs assert a claim to set aside

the substitute trustee's deed against BONY and Kesler, *id.*, ¶¶ 20-26, and a claim of

quiet title against all Defendants, *id.*, ¶¶ 27-31.  Plaintiffs also seek a declaratory

judgment against all Defendants that Defendants' foreclosure on Plaintiffs' property

was fraudulent.  *Id.*, ¶¶ 32-37.

---

[1]Plaintiffs filed their Response to the Motion on March 27, 2014, as indicated by the file-stamp on the first-page of the Response.  Because Plaintiffs are *pro se*, they apparently sent a copy of their Response to the Office of the Clerk for the United States District Court for the Southern District of Texas.  That Response was never entered on the docket, and the Court was only alerted to the Response by a footnote in the Moving Defendants' Reply.  *See* Reply, at 2 n.1.  The Court has since received a copy of the Response from the parties and filed it on the docket.  This error on the part of the Clerk's Office accounts for the misnumbering of the briefs on the docket sheet.

Defendants were served with the Original Petition on December 23, 2013.

Defendants Alonzo and Martinez removed the case to this Court on January 22, 2014.

There is no indication that the other Defendants (*i.e.*, BONY, EH, and Kesler)

consented to removal.

## II.   LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction when the

court lacks the statutory or constitutional power to adjudicate the case."  *Krim v.*

*pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).  A court may

raise the question of its own subject-matter jurisdiction *sua sponte* and must dismiss

the action if it finds itself without subject-matter jurisdiction.  *See* FED. R. CIV. P.

12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action."); *Giles v, NYLCare Health Plans, Inc.*, 172 F.3d

332, 336 (5th Cir. 1999) ("[A] court *sua sponte* must raise the issue if it discovers it

lacks subject matter jurisdiction.").

## III.   ANALYSIS

Alonzo and Martinez (the "Removing Defendants") removed this case to

federal court on the basis of federal-question jurisdiction.[2]  *See* Notice of Removal,

---

[2]"When a civil action is removed solely under section 1441(a), all defendants who
have been properly joined and served must join in or consent to the removal of the action."
(continued...)

¶¶ 6, 12-15.  The Removing Defendants contend that "[r]emoval is proper since a [f]ederal [q]uestion has been raised in these pleading[s] and prior pleading[s] filed before this Court under 4:12-cv-02497."  *Id.*, ¶ 12.  Specifically, the Removing Defendants argue that Plaintiffs are "collaterally estopped from filing this action or a similar action arising from the real estate transaction based on the doctrine of res judicata" and that "it would [be] improper for the State Court to also render a decision which may create [inconsistencies]."  *Id.*, ¶¶ 12-13.

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, the plaintiff is the master of his complaint and may avoid federal jurisdiction by exclusively relying on state law, even where a federal claim is also available.  *Id.*  A case may not be removed to federal court on the basis of a federal defense, "even if both parties concede that the federal defense is the only question truly at issue."  *Id.* at 393; *see Hoskins v. Bekins Van*

---

[2](...continued)
28 U.S.C. § 1446(b)(2)(A).  The Court notes that Alonzo and Martinez removed this case under Section 1441(a), but there is no indication that the other Defendants consented to removal.

*Lines*, 343 F.3d 769, 772 (5th Cir. 2003) (same).

The Court lacks federal-question jurisdiction in this case. Plaintiffs' Original Petition alleges only state law claims. The Removing Defendants do not indicate which of Plaintiffs' claims raises a federal question and the Court perceives none. There is no federal question presented on the face of Plaintiffs' pleadings. Morever, even if the Removing Defendants' *res judicata* defense were deemed a "federal defense," that alone would be insufficient to confer federal-question jurisdiction on this Court. Thus, this case does not fall within the Court's federal-question jurisdiction.[3]

The Court also lacks diversity jurisdiction over this case. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is "between citizens of a state and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Vargas v. Stone Container Corp.*, 144 Fed. App'x 365, 367 (5th Cir.

---

[3]The Removing Defendants also cite 28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1) as bases for jurisdiction. Neither confers jurisdiction in this case because this case does not arise from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a); *see also* 28 U.S.C. § 1441(e)(1) (citing § 1369).

2005) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)).  According to

the Original Petition, Plaintiffs are residents of Texas and Defendants EH, Alonzo,

Martinez, and Kesler all live or do business in Texas.  *See* Original Petition, ¶¶ 2, 4-6.

No Defendant has argued that any of the non-diverse Defendants was improperly

joined such that the citizenship of that party (or those parties) should be excluded in

considering the Court's diversity jurisdiction.  Because the parties are not completely

diverse, the Court lacks diversity jurisdiction over this case.[4]

As there is no federal question or diversity jurisdiction in this case, the Court

lacks the power to adjudicate the claims and this case must be remanded to state court.

## IV.    CONCLUSION AND ORDER

The Court lacks subject matter jurisdiction over this action.  Accordingly, it is

hereby

**ORDERED** that this case is **REMANDED** to the 270th Judicial District Court

of Harris County, Texas.  It is further

**ORDERED** that Defendants The Bank of New York Mellon f/k/a The Bank fo

New York, as Trustee for the Certificate-Holders of the CWABS Inc., Asset Backed

Certificates, Series 2002-004, Salvador Alonzo, Bertha I. Martinez, and Rex Kesler's

---

[4]Because the Court finds that the parties are not completely diverse, the Court does not reach Plaintiffs' argument (in response to the Moving Defendants' Motion) that they have not alleged damages exceeding $75,000.  *See* Response, at 2-3.

Motion for Final Summary Judgment [Doc. # 4] is **DENIED without prejudice**.

**SIGNED** at Houston, Texas, this 18<u>th</u> day of **April, 2014**.

Nancy F. Atlas
United States District Judge